**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**RIVAS NELSON,**

       **Petitioner,**

**v.**                                            **Civil Action No. 5:18cv95**
                                                            **(Judge Stamp)**

**JOSEPH COAKLEY,**

       **Respondent.**

**REPORT AND RECOMMENDATION**

**I. Introduction**

On May 29, 2018, Petitioner, Rivas Nelson, an inmate incarcerated at USP Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges the continued legality of Petitioner's sentence imposed by the United States District Court for the Eastern District of Wisconsin. The matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**II. Factual and Procedural History[1]**

**A. Conviction and Sentence**

---

[1] The facts are taken from Petitioner's Criminal Case No. 2:91-CR-217-1 in the United States District Court for the Eastern District of Wisconsin available on PACER. Unless otherwise noted, the ECF entries in this section referred to the criminal case. Philips v. Pitt Cnty. Mem Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 Fed second 1236, 1239 (4th Cir. 1989) ( "We note that the most frequent use of judicial notice is in noticing the contents of court records.'").

After a jury trial in the United States District Court for the Eastern District of Wisconsin, Petitioner was convicted of conspiracy to distribute cocaine; possessing cocaine with intent to distribute; felon in possession of a firearm and using and carrying a firearm during a drug trafficking offense. Because of his two prior state felony drug offense convictions, Petitioner was sentenced under 21 U.S.C. § 841(b)[2] to life in prison on the conspiracy count, to run concurrently with 30-year and 20-year terms for the drug and firearm possession counts and consecutively to a 5-year term for the firearm use count.

Petitioner appealed. On appeal the District Court's judgment was affirmed. United States v. Rivas, 16 F.3d 1226 (7th Cir. 1994) (unpublished). On June 13, 1994, the United States Supreme Court denied *certiorari*.

**B. Motions to Vacate**

On July 23, 2001, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 [ECF No. 98]. It was dismissed as time-barred on November 8, 2001. Petitioner appealed the District Court's decision, and the Seventh Circuit Court of Appeals reversed and remanded with instructions for the District Court to address the retroactivity of Apprendi v. New Jersey, 530 U.S. 466 (2000). On August 5, 2002, Petitioner's 2255 petition was again dismissed as time-barred. ECF No. 120. He did not appeal.

Since then Petitioner has attempted three unsuccessful collateral attacks of his conviction and/or sentence under 28 U.S.C. § 2241. The first one was filed in the

---

[2] 21 U.S.C. § 841(b) provides in relevant part that "[i]f any person commits a violation of this subparagraph or of section 849, 559, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release…"

2

District of Kansas, Rivas v. Booker, No. 5:99-CV-03001-RDR (D. Kan. Mar. 24, 2000), and the second and third were filed in this district. See Rivas v. O'Brien, No. 1:11-CV-141-IMK (N.D.W. Va. Aug. 12, 2013) and Rivas v. Coakley, 1:18-CV-62-IMK (N.D.W. Va. July 6, 2018).

Rivas also filed three additional 2255 motions that the sentencing court dismissed as unauthorized. No. 2:17-CV-00793-JPS (E.D. Wis. Dec. 18, 2017); No. 2:14-CV-00732-RTR (E.D. Wis. June 25, 2014); No. 2:12-CV-01177-RTR (E.D. Wis. Nov. 19, 2012), certificate of appealability denied, No. 13-1079 (7th Cir. July 12, 2013). On April 2, 2018, the Seventh Circuit Court of Appeals denied Petitioner's 28 U.S.C. 2244(b)(3) and 2255(h) motion for leave to file another collateral attack. ECF No. 169.

### C. Instant § 2241 Petition

As previously noted, Petitioner is seeking to challenge his 1992 life sentence issued by the United States District Court for the Eastern District of Wisconsin. Specifically, Petitioner argues that his May 1, 1986 conviction under Wisconsin Statute 161.16(2)(b)(1) and 161.41 (1m)(b) no longer qualifies as a predicate "felony drug offense" for purposes of his enhanced sentence. In making this argument, Petitioner relies on United States v. Simmons, 549 F.3d 327 (4th Cir. 2011.)

In support of his motion to dismiss, Respondent argues that this petition must be dismissed for lack of jurisdiction because Petitioner cannot demonstrate that 28 U.S.C. § 2255 is inadequate and ineffective to challenge the legality of his sentence. More specifically, Respondent argues that the petition must be dismissed because Petitioner cannot meet all the necessary prongs of the Wheeler test in order to establish that 2255 is inadequate or ineffective to test the legality of his sentence.

In response, Petitioner informs the court that "he is content to rest upon the record as it presently stands in relation to his adoptive legal posture" and "now cites his original Petition for the record as if fully set forth herein." ECF No. 23 at 5-6. Considering this response, Respondent indicates that no further reply is necessary. ECF No. 25.

### III. Legal Standard

**A. Motion to Dismiss Under Fed.R.Civ.P. 12(b)(1)**

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). In deciding whether jurisdiction exists, a court is to consider the pleadings as mere evidence and may consider evidence outside the pleadings without converting the proceedings to one for summary judgment. Id. Whenever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. Fed. R. Civ. P. 12(h)(3).

**B.  Post-Conviction Remedies and Relief**

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A

4

petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of

sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

### IV. Analysis

Although Petitioner alleges that he has satisfied the Wheeler savings clause, he is mistaken. Petitioner has failed to satisfy the second prong of Wheeler, because he has failed to identify a retroactive Seventh Circuit decision that would substantively change the law applicable to his sentence.

Petitioner was convicted in the Eastern District of Wisconsin, which lies within the jurisdiction of the Seventh Circuit. The only case upon which Petitioner relies is <u>United States v. Simmons</u> which is a Fourth Circuit decision which is not binding upon courts within other circuits. See <u>Williams v. Ziegler</u>, 5:12-CV-0398, 2014 WL 201713, *4, (S.D.W. Va. Dec. 30, 2013).

In <u>Hahn v. Moseley</u>, the Fourth Circuit held that when evaluating substantive claims under the savings clause, the Court must "look to the substantive law of the circuit where the defendant was convicted." <u>Hahn v. Moseley</u>, 931 F.3d 295, 301 (4th Cir. July 24, 2019), <u>citing</u> <u>In re Davenport</u>, 147 F.3d 605, 611-12 (7th Cir. 1998); <u>Eames v. Jones</u>, 793 F. Supp.2d 747, 750 (E.D.N.C. 2011).

The United States District Court for the Western District of Virginia recently addressed a similar situation in which a petitioner sentenced in the Iowa District Court attempted to rely on <u>Simmons</u> to satisfy the <u>Wheeler</u> test. In dismissing the 2241 petition for lack of jurisdiction, the Court found as follows:

> In evaluating the substantive law in a 2255(e) savings clause analysis, the Court must "look to the substantive law of the circuit where the defendant was convicted." The Iowa District Court where Ledezma-Rodriguez was convicted is within the Eighth Circuit. 28 U.S.C. 2241. Accordingly, while the Court must apply the procedural standard in <u>Wheeler</u>, it must do so using Eighth Circuit substantive law. <u>Id.</u>
>
> Ledezma-Rodriguez relies exclusively on <u>Simmons</u> as substantive law to support his argument. However, <u>Simmons</u> is a Fourth Circuit decision that is not binding upon courts within other circuits. Ledezma-Rodriguez has failed to identify any retroactive Eighth Circuit case that would substantively change the law applicable to his conviction. Therefore, I conclude that Ledezma-Rodriguez is unable to satisfy the second prong of <u>Wheeler</u>.

<u>Ledezma-Rodriguez v. Brecken</u>, 2019 WL 4644556 (internal citations omitted).

7

Because Petitioner was convicted within the Seven Circuit, and he is attempting to rely on the Fourth Circuit opinion in Simmons, the instant § 2241 petition must be dismissed for failure to satisfy the second prong of the Wheeler test.

Furthermore, even if Simmons were applicable to Petitioner's conviction within the Seventh Circuit, it would not invalidate his sentence. Petitioner is challenging his "mandatory life sentence pursuant to § 851 enhancement" arguing that pursuant to Simmons his prior May 1, 1986 violation of Wisconsin Statute 161.16(2)(b)(1) and 161.41(1)(1m)(b) no longer qualifies as a predicate conviction for his enhanced sentence.

In Simmons, the Fourth Circuit addressed a prior statutory sentencing scheme for North Carolina convictions and held that courts "must examine the sentence the defendant could have actually received when determining whether a state conviction can serve as a predicate felony for Federal sentencing enhancement." See Everett v. Ormond, 3:18-CV-475, 2019 WL 430-7871. In doing so, the Court found that "if a particular defendant could not have received a sentence in excess of 12 months for his [state] conviction, the government cannot use it as a predicate for Federal sentencing enhancement purposes." Simmons, 649 F.3d at 239-240, 249. Accordingly, predicate "felony drug offense" convictions that result in an "offense that is punishable by imprisonment for more than one year," even if the defendant received a sentence below one year, continue to qualify as predicate conviction. Latson v. O'Brien, 3:13-CV-28, 2013 WL 440-0110 (N.D.W. Va. Aug. 15, 2013); 21 U.S.C. §§ 802(44), 851.

Petitioner is only contesting his May 1, 1986 violation of Wisconsin Statute 161.16(2)(b)(1) and 161.41(1)(1m)(b), used as one of the two "felony drug offense[s]"

resulting in a mandatory life sentence under 21 U.S.C. 851. See ECF No. 1-1, p. 5. Petitioner bases this argument on the fact that his May 1, 1986 conviction "exposed Petitioner only to 3 months incarceration, with work release" rather than to one year or more of incarceration. Id. at p. 6. However, Petitioner was convicted of an offense that is punishable by up to five years of incarceration. ECF No. 18-4. Accordingly, under Simmons, Petitioner's 1986 Wisconsin conviction remains a felony drug offense.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the Respondent's Motion to Dismiss [ECF No. 17] be **GRANTED** and this matter be **DENIED** and **DISMISSED without prejudice.**

Each party shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED: November 21, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE