IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RIVAS NELSON,

    Petitioner,

v.                                            Civil Action No. 5:18CV95
                                                            (STAMP)

JOSEPH COAKLEY,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The pro se[1] petitioner, Rivas Nelson, is incarcerated at USP Hazelton where he is serving a sentence imposed by the United States District Court for the Eastern District of Wisconsin. ECF No. 1 at 2. The petitioner filed a Petition for Habeas Corpus Under 28 U.S.C. § 2241, in which he states that his "prior drug conviction no longer qualifies as a predicate for § 851 enhancement under Simmons[2] and now Wheeler.[3]" Id. at 8. For relief, the petitioner seeks that this Court "grant the appropriate relief within its habeas powers to vacate Petitioner's fundamentally

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

[2] United States v. Simmons, 549 F.3d 327 (4th Cir. 2011)

[3] United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018)

defected sentence in the interest of justice. Or grant the relief that this court finds appropriate." Id.

The respondent filed a motion to dismiss (ECF No. 17) and a memorandum in support thereof (ECF No. 18). In his memorandum in support, the respondent asserts that the petitioner's petition should be dismissed for lack of jurisdiction because he cannot demonstrate that 28 U.S.C. § 2255 is inadequate and ineffective to challenge the legality of his sentence. ECF No. 18 at 5. Specifically, the respondent contends that the petitioner cannot meet the second prong of the Wheeler test, because he failed to identify a retroactive United States Court of Appeals for the Seventh Circuit decision that would substantively change the law applicable to his conviction. Id. at 6. The respondent asserts that Simmons does not afford the petitioner relief and is inapplicable in this civil action. Id. at 9.

The petitioner then filed a response to the respondent's motion to dismiss. ECF No. 23. In his response, the petitioner states that "[u]pon review of the legal arguments espoused by the government in the instant action, Rivas apprises the court that he is content to rest upon the record as it presently stands in relation to his adopted legal posture." Id. at 5.

The respondent then filed a reply maintaining that the Court lacks jurisdiction to consider the petitioner's petition. ECF No. 25 at 1.

This civil action was referred to United States Magistrate Judge James P. Mazzone under Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Mazzone issued a report and recommendation (ECF No. 26) recommending that the respondent's motion to dismiss (ECF No. 17) be granted and that the petitioner's petition be denied and dismissed without prejudice. ECF No. 26 at 9. The petitioner did not file objections to the report and recommendation. For the following reasons, this Court affirms and adopts the report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to findings where no objections were made, such findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In his report and recommendation, the magistrate judge correctly found that the petitioner has failed to meet the second prong of the Wheeler test, because he has failed to identify a

3

retroactive Seventh Circuit decision that would substantively change the law applicable to his sentence. Id. at 6. The magistrate judge also properly noted that Simmons is a United States Court of Appeals for the Fourth Circuit decision which is not binding on other courts in other circuits. Id. at 7. Moreover, the magistrate judge correctly indicated that even if Simmons were applicable to the petitioner's conviction, it would not invalidate his sentence. Id. at 8.

Upon review, this Court finds no clear error in the determinations of the magistrate judge and thus upholds his recommendation.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 26) is AFFIRMED and ADOPTED in its entirety. Accordingly, the respondent's motion to dismiss (ECF No. 17) is GRANTED and the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITHOUT PREJUDICE.

This Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn,

4

474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 20, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE